## First Department, May, 1933.

Rinehart and Dennis Company, Inc., Appellant, *v.* The City of New York, Respondent.*

Judgment so far as appealed from affirmed, with costs. No opinion. Present — Finch, P. J., Merrell, McAvoy, Martin and Sherman, JJ.; Finch, P. J., dissents as to the first cause of action.

Finch, P. J. (dissenting in part). I dissent and vote to reverse and grant a new trial in so far as concerns the dismissal of the first cause of action. Here the plaintiff claimed damages for breach of a contract under which the plaintiff undertook the construction of a section of the Catskill aqueduct. Under said contract certain bronze items were to be furnished and installed by the plaintiff in accordance with certain specifications. The bronze was manufactured under the direct supervision of representations of the defendant, was by them tested and approved as satisfactory. The bronze items thereafter duly were installed in strict conformity with the specifications of the contract. After the items so installed had been exposed to the elements for some twelve months, winter or weather cracks appeared. In consequence plaintiff was ordered to remove and replace them with others. This was done under protest by plaintiff and with notice that plaintiff would claim payment for the work and materials involved under the order. It was claimed by the defendant that the aforesaid defects were due to the manner in which the bronze had been rolled in the process of manufacture and that the defendant had the right to order replacement under article XV of the contract, which reads as follows: " The inspection of the work shall not relieve the contractor of any of his obligations to fulfill his contract as herein prescribed, and defective work shall be made good, and unsuitable materials may be rejected, notwithstanding that such work and materials have been previously overlooked by the Engineer and accepted or estimated for payment. If the work or any part thereof shall be found defective before the final acceptance of the whole work, the Contractor shall forthwith make good such defect." A fair and reasonable construction of this provision does not cast upon the plaintiff any obligations outside of a fulfillment of the specifications prescribed by the contract. It protects the city against non-fulfillment of the contract even though the non-fulfillment has been at first overlooked. The paragraph expressly refers to obligations of the contractor as prescribed by the contract. The provisions of the contract must of necessity be the measure of the liability of the contractor, otherwise the contractor would have no measure as his guide and would be made an insurer of the inherent suitability for the work of all the materials specifically prescribed by the defendant. The contract contained no provision as to any particular method of drawing or rolling the bronze. The bronze, as noted, was manufactured under the supervision of the defendant, and the process of manu-

---

* Modfd., 263 N. Y. 120.

facture approved by it. It follows that the judgment appealed from should be reversed as to the first cause of action, and judgment thereon directed in favor of the plaintiff, or at the least a new trial granted.